## Wallace C. Clark v. A. J. Burke et al.

1. APPELLATE COURT PRACTICE—*Absence of a Bill of Exceptions.*— When there is no bill of exceptions in the record the court can not review the findings of the court below.

**Voluntary Assignment.**—Error to the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 15, 1897.

TRUMBULL & HORNER and FRANCIS M. LOWE, attorneys for plaintiff in error.

HENRY A. HICKMAN, attorney for defendants in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was appointed assignee of the Southern Hotel Company, a corporation, by an order of the County Court, made July 24, 1894, in the place of a previous assignee who resigned and who had been authorized to continue the business of said corporation.

The order appointing plaintiff in error, recited among other things, as follows:

"And Wallace C. Clark having appeared in open court,

and having agreed to administer the said estate as assignee, and also having agreed to assume and pay all liabilities incurred by the said Brodie B. Davis, as such assignee, and to make good to said estate my loss which may result to said estate from the further operation by the said Wallace C. Clark of the business of said insolvent, and having further agreed to render all services which may be required of him as such assignee without fees, and the said Brodie B. Davis having tendered his resignation as such assignee, and the same having been accepted by the court, it is therefore ordered that the said Wallace C. Clark be and is hereby appointed assignee of the said Southern Hotel Company in the place and stead of said Brodie B. Davis."

On October 15, 1894, plaintiff in error, as assignee, was ordered to discontinue and close up the business of the corporation, and on December 11th, following, the defendants in error, creditors of the estate, filed their petition setting up that certain moneys and assets had come to his hands which he had wasted, etc., and upon a hearing upon such petition and his answer thereto, the County Court made an order on March 9, 1895, finding that he had received in cash $759.17 from accounts that accrued before the date of his appointment; that there came into his possession accounts secured by baggage amounting to $282.54, and certain provisions and other property, specifying the same and their separate value, which, together with said cash and accounts, aggregated $1,433.71. The order also found that certain additional property not covered by a mortgage held by the wife of plaintiff in error, came to his hands and was sold by him under the direction of the court, for which he has never reported or accounted.

It was further found that plaintiff in error had not conducted his trust with fidelity and "has neglected and in every way refused to look after the interests of said creditors;" that he conducted the business for the benefit of his wife, who was a mortgage creditor of the estate, "and at no time has he considered the interest of said creditors; that said estate has been wasted, and the above property referred

to, neglected and misused," and has been used and mixed with the mortgaged property and wasted.

By the same order, plaintiff in error was directed to pay the claims of defendants in error, Burke et al., who were found to be labor claimants, to the number of twenty-nine, aggregating $1,079.72, and certain other claims, which, with the above, amounted to $1,437.04.

This writ is prosecuted only from the order of March 9, 1895.

It is contended that the order was unjust and erroneous in that it required plaintiff in error to pay more than the $759.17 cash found to have come to his hands.

While it would have been more regular to have required the plaintiff in error to file an account and report of his doings, and therefrom to have adjudicated specifically upon the sums with which he was chargeable, it was his right to have submitted such an account and report in answer to the petition that was filed against him by the said defendants in error. Instead, however, of doing so, he contented himself with filing an answer that amounted to but little more than a denial of the fraudulent conduct with which the petition charged him, and contained nothing specific as to the funds and property which he was charged with having received and not accounted for and wasted.

There is no bill of exceptions in the record, and we are therefore unable, if we were asked to do so, to review the correctness of the findings either as to the amounts ordered to be paid to the defendants in error, or as to whether the plaintiff in error had wasted the estate.

Under the record before us the plaintiff in error is in no condition to complain of the order brought up by this writ.

The order of the County Court is, accordingly, affirmed.